COMMONWEALTH *vs.* ABEL HUNT & another.

Where testimony to a fact is founded mainly upon a written memorandum which the witness testifies was made by himself at the time, and which was produced by him at a former trial, and since lost, the other party may show, for the purpose of discrediting the witness, that the memorandum then produced was not in his handwriting.

THE defendants were tried and convicted on the 3d of January 1855, before the police court of Cambridge, on a complaint charging them with an unlawful sale of intoxicating liquor to John Doughty on the 5th of December 1854; and appealed to the court of common pleas.

At the trial in that court at February term 1855, before *Bishop,* J., Doughty, being called as a witness, testified that he bought rum in the defendants' shop on seven different days between the 27th of November and the 16th of December 1854; that at one of these times, which was on the 5th of December, he bought a quart of rum, and paid for it. On cross examination, he said he knew he bought the rum on the 5th of December, because he wrote down the seven different sales upon a paper, at the time of the sales, and for the purpose of remembering them; and that he produced this paper at the trial before the justice, but had since lost it; and he now produced another paper on which were written memoranda of six or seven different sales of rum on different days, one of which was, " December 5,

one quart of rum "; and testified that he made the memoranda on this paper about a month ago, a day or two after he lost the original paper, and from memory of the memoranda on that paper; that he never made but two writings on this subject; that he could not write but one kind of handwriting, and could not write at all without difficulty.

An attorney, called as a witness by the defendants, testified that he acted as counsel for the defendants before the justice, and that Doughty, being called as a witness there, produced a paper containing memoranda of sales on six or seven different days, including one of " December 5, one quart of rum," and testified that he could not swear to any sale on that day, unaided by said original paper; that the handwriting of that paper then attracted the attention of the counsel as being much better than he should have expected Doughty could write, and written in a smooth flowing hand, as if by one accustomed to write a good deal, whereas the memorandum now produced was in a very cramped hand, and unlike the other.

Doughty, being recalled by the Commonwealth, testified that he wrote said original paper with his own hand, and could write again in the same handwriting; and being asked so to write in court, wrote on another piece of paper the same words and figures as on the paper now produced by him, and testified that the handwriting so made was like that on the original paper which he produced before the justice.

The defendants then recalled their witness, and offered to show by him that the writing last made by Doughty did not resemble in the least the paper produced by Doughty before the justice. The district attorney objected to the evidence as attempting to contradict the witness on a fact not material to the issue, brought out by the cross examination. And *Bishop*, J. sustained the objection, and rejected the evidence. The defendants, being convicted, alleged exceptions.

*G. A. Somerby*, for the defendants.

*J. H. Clifford*, (Attorney General,) for the Commonwealth.

Bigelow, J. The testimony of the witness Doughty to a sale of intoxicating liquor by the defendants, on the day named

in the complaint, was not given from his unaided recollection, but was founded mainly on a written memorandum of the fact, which he testified he made at the time in his own handwriting, and without which he could not remember when the particular sale charged was made. The credit due to his testimony, therefore, depended in great measure upon the truth of his statements concerning the memorandum upon which his testimony was based. It was relevant and material to show that it was not in his handwriting, and to contradict his evidence on this point. The rule, which excludes all evidence tending to contradict the statements of a witness as to collateral matters, does not apply to any facts immediately and properly connected with the main subject of inquiry. Every thing which goes to affect the credit of a witness, as to the particular facts to which he is called to testify, is material and admissible. 1 Stark. Ev. (4th Amer. ed.) 135. *Mechanics' & Farmers' Bank* v. *Smith,* 19 Johns. 123.

*Exceptions sustained*